# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**
 **Plaintiff,**

**v**                 **Cr. No. 1:24-cr-10037-JDB**

**GARRETT JAMES BAUGHMAN**
 **Defendant**

## RESPONSE TO PRESENTENCE REPORT

  **COMES NOW** the counsel for Defendant, Garrett James Baughman, by and through his attorney of record, David W. Camp, and in response to the presentence investigation report would submit the following:

1. Page 8, paragraph 14 & Page 18 Paragraph 84- Objection as to application of the Mandatory Victim Restitution Act of 1996 and to the calculation of "restitution". Restitution does not apply when "determining complex issues of fact related to the cause or amount of victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden of the sentencing process". See, 5E1.1 of the United States Sentencing Guidelines; 18 USC 3663A(c)(3)(B) The victim impact statement made by the mother of CH mentions "loss of work due to taking CH to counseling, and taking him to doctor's appointments. It also discusses picking up CH from school multiple times. The mother then requests restitution in the amount of $2500.00. There is no reference as to the basis of this amount. There is no itemization or documentation to support the amount of restitution being requested. Accordingly, the lack of information and/or

1

supporting documentation makes verification of the calculation difficult if not impossible to determine. Baughman would therefore object to awarding restitution.

2. Page 9, paragraph 18 – Objection to cross reference by utilizing 2G1.3(c) (1) to apply 2G2.1 and determining the base offense level to be 32. In this case Baughman entered a guilty plea to Count 2 of the indictment. Count 2 involves a violation of 18 USC 2422(b). That 2G1.3 is the guideline provision that is applicable to a violation of this statute. More specifically 2G1.3(a)(3) indicates that a violation of 18 USC 2422(b) should result in a base offense level of 28. There is no indication or explanation given in the Presentence report to justify application of 2G2.1 which would result in a base offense level of 32. That there is no set of facts presented or basis to support application of 2G2.1 resulting in an increase of 4 levels. Therefore, the base offense level should be 28.

3. Page 9, paragraph 19- Objection. As noted hereinabove, the application of 2G1.3(c)(1) does not apply. Therefore, application of 2G2.1 (b)(1)(b) resulting in a 2-level enhancement due to the age of CH would likewise not apply.

4. Page 9, paragraph 24- Objection. The 5-level enhancement under Section 4B1.5(b)(1) does not apply because Baughman did not engage in a pattern of activity involving prohibited sexual conduct. Furthermore, Baughman is not a repeat and dangerous sex offender against minors. There is no proof to support the existence of a pattern of activity involving prohibited sexual conduct as required under 4B1.5(b)(1).

    USSG 4B1.5(b)(1) increases the punishment for defendants who commit repeated sex crimes against minors. *United States v. Combs*, 2024 U.S. App. LEXIS 30969 *3(Sixth Circuit Court of Appeals, December 6, 2024). In the case at bar, Baughman would object to the application of this 5-level enhancement and submit there is no

support for the assertion that Baughman engaged in a "pattern of activity" and therefore he should not receive enhanced punishment.

**WHEREFORE,** Defendant prays that this Honorable Court sustain the defendant's objection, and for such further relief as the Court deems necessary.

Respectfully submitted,

s/ David W. Camp
DAVID W. CAMP (#013739)
Attorney for Defendant
403 North Parkway, Suite 201
Jackson, Tennessee 38305
(731) 664-4499
david@campattorney.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to:

Ms. Caroline Parish
U.S. Attorney's Office, Western District
109 South Highland Avenue, Suite 300
Jackson, Tennessee 38301
(731) 415-4587
Caroline.parish@usdoj.gov

s/David W. Camp
DAVID W. CAMP, Atty.

Date: 05/22/25

3